```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```
RANDY P. WEAVER,

                      Plaintiff,         05-CV-0672

          v.                         **DECISION**
                                          **and ORDER**
MICHAEL J. ASTRUE[1], Commissioner
of Social Security

                      Defendant.
```
_____
```

## **INTRODUCTION**

Plaintiff Randy P. Weaver ("Plaintiff") brings this action pursuant to the Social Security Act § 216(i) and § 223, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits.[2] Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") Bruce R. Mazzarella denying his application for benefits was against the weight of substantial evidence contained in the record and contrary to applicable legal standards.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)("Rule 12(c)"), on grounds that the ALJ's

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for his predecessor Commissioner JoAnne B. Barnhart as the proper defendant in this suit.

[2] This case was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated July 13, 2007.

decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, on grounds that the Commissioner's decision was erroneous. The Court finds that the decision of the Commissioner for the reasons set forth below, is supported by substantial evidence, and is in accordance with applicable law and therefore the Commissioner's motion for judgment on the pleadings is hereby granted.

## BACKGROUND

On March 23, 1998, Plaintiff, at that time a 44 year-old machine shop and maintenance worker, filed an application for Disability Insurance Benefits under title II, § 216(i) and § 223 of the Social Security Act ("the Act") claiming a disability since March 18, 1995, due to a back injury and Dupuytrens contracture of both hands.[3] A review of the claimant's earning record revealed that he had earned sufficient quarters of coverage to remain insured at least through March 31, 2000. Therefore, Plaintiff's establishment of disability must be on or prior to this date.

Plaintiff's application was denied by the Social Security Administration ("the administration") initially on May 12, 1998, and on reconsideration on June 17, 1998. Plaintiff filed a timely request for hearing on July 21, 1998. Thereafter, Plaintiff

---

[3]Plaintiff filed an initial application on August 1, 1996, which was denied at the initial level and not pursued further. Plaintiff also filed an application on June 29, 1994, which was dismissed without prejudice by order of an ALJ dated January 4, 1996.

appeared, in an administrative hearing before ALJ Eugene M. Bond which took place on July 26, 1999. In a decision dated October 12, 1999, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff requested review of the ALJ's decision and on November 2, 2001, the Social Security Appeals Council vacated the hearing decision and remanded the case for a more specific residual functional capacity determination, a more detailed evaluation of Plaintiff's subjective complaints and evidence from a vocational expert due to non-exertional limitations. While, this action was still pending, Plaintiff filed a new application for Disability Insurance Benefits on February 9, 2000.[4] This application was then forwarded to the Appeals Council for review because it involved the same facts and issues as the earlier application.

   Based upon the remand order a subsequent hearing was held on March 26, 2002, before ALJ Bruce R. Mazzarella. Plaintiff appeared with counsel alleging disability beginning May 18, 1995, due to a back injury, Dupuytrens contracture in both hands and a history of alcohol abuse. In a decision dated July 22, 2002, the ALJ determined that the Plaintiff was not disabled. The ALJ also dismissed Plaintiff's February 9, 2000, application finding it to be duplicative of the Title II claim filed on March 23, 1998, which

---

[4]The Court notes that there is an inconsistency as to when Plaintiff filed his new application for Disability Insurance Benefits. The record dates the application as February 9, 2000 whereas the ALJ dates the application as January 18, 2000.

had already been adjudicated. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on July 28, 2005. On September 8, 2005, Plaintiff filed this action.

## **DISCUSSION**

### I.   **Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation

omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

## II. **The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

The ALJ in his decision found that Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ adhered to the Social Security Administration's 5-Step sequential evaluation analysis for evaluating appointments for disability benefits. <u>See</u> 20 C.F.R. § 404.1520.[5] Under Step 1 of the process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. (Transcript of

---

[5]Five-step analysis includes: (1) ALJ considers whether claimant is currently engaged in substantial gainful activity; (2) if not, ALJ considers whether claimant has severe impairment which significantly limits his physical or mental ability to do basic work activities; (3) if claimant suffers such impairment, third inquiry is whether, based solely on medical evidence, claimant has impairment which is listed in regulations Appendix 1, and if so, claimant will be considered disabled without considering vocational factors; (4) if claimant does not have listed impairment, fourth inquiry is whether, despite claimant's severe impairment, he has residual functional capacity to perform his past work; and (5) if claimant is unable to perform past work, ALJ determines whether claimant could perform other work. <u>See</u> <u>id.</u>

Administrative Proceedings at pages 37, 42) (hereinafter "T.").

At Steps 2 and 3, the ALJ found that Plaintiff had non-severe impairments such as chronic alcohol abuse/dependency, hypertension and chronic obstructive lung disease. (T. at 37). However, the ALJ concluded that Plaintiff's impairments, such as, chronic back pain and flexion contractures of both hands, which were severe within the meaning of the Regulations, were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4. (T. at 38, 42).

Further, at Steps 4 and 5, the ALJ concluded that Plaintiff retained the residual functional capacity to perform a limited level of work at the sedentary level. (T. at 40). The ALJ found that Plaintiff was able to sit for two hours at a time and with normal breaks and meal periods up to eight hours in an eight-hour workday; was able to stand and walk on an occasional basis and up to two hours in an eight-hour workday; could lift and carry up to five pounds occasionally and was limited in the ability to use his hands for rapid fine dexterity or repetitive handling of objects. (T. at 40, 41).

The ALJ found that Plaintiff's past work as a maintenance and machine shop worker required light to heavy level exertion and therefore, Plaintiff could not perform his past relevant work. (T. at 40). However, the ALJ concluded that Plaintiff had the residual

functional capacity of performing a limited range of light work at the sedentary level that existed in the national economy. (T. at 29-31).

Based on the entire record, and including the medical evidence in the record, I find that the ALJ properly concluded that Plaintiff was not disabled within the meaning of the Social Security Act.

**A. The ALJ properly found that there were significant jobs in the national economy which Plaintiff could perform.**

The ALJ determined that Plaintiff's residual functional capacity was for a limited level of sedentary exertion work. He called Ms. Julie Andrews, a vocational expert, to give her opinion of a hypothetical individual with a limited education and a vocational history of skilled and unskilled employment with a residual functional capacity similar to that of the Plaintiff. (T. at 41). Ms. Andrews testified that the only position that an individual such as Plaintiff could perform would be that of a surveillance system monitor. (T. at 124). She also testified that there were 191,000 of these positions available nationally, and 1250 positions regionally. (T. at 124).

Plaintiff argues that by finding that there was only one unskilled sedentary occupation that Plaintiff was able to perform when the Agency takes notice of 200 such occupations shows a significant erosion of the full range of sedentary work. (Pl. Br. at 6-7). Additionally, Plaintiff also argues that the numbers cited

by Ms. Andrews did not amount to significant numbers of jobs within the national economy. (Pl. Br. at 7).

The Social Security regulations state that "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2). In Franklin v. Apfel, 8 F. Supp. 2d 227, 234 (W.D.N.Y. 1998), the Court agreed with the Commissioner that a "significant" number was fairly minimal. For example, the Franklin Court references that the Eighth Circuit found significant 200 jobs within the entire State of Iowa and 10,000 nationally for a plaintiff who actually performed one of the positions in question, (citing Johnson v. Chater, 108 F.3d 178 (8th Cir.1997)), but in Jimenez v. Shalala, 879 F. Supp. 1069, 1076 (D.Colo. 1995), 200-250 jobs in the entire state of Colorado were not significant.

In Franklin the Court concluded that 480 jobs in the Western New York region and only 80,000 jobs nationally were not significant. Plaintiff argues that using Franklin this Court should rule that the numbers testified by Ms. Andrews' in the instant case are not significant. (See Pl. Sur-Reply at 3). Contrary to the instant case, in Franklin, the vocational expert specifically testified that the numbers might not be sufficient to constitute a realistic employment pool. In the instant case, Ms. Andrews testified that she obtained the national statistics from the

Occupational Outlook Handbook and the regional statistics from the New York State Department of Labor Occupational Outlook, both of which reflected figures that were obtained from the Census Bureau. (T. at 127). Ms. Andrews also concluded that the figures in both the Outlooks were recognized by vocational experts to be accurate within national and regional economies with regard to the number of jobs. (T. at 127).

Moreover, Ms. Andrews testified that Plaintiff could perform work as a surveillance system monitor because his lifting limitations and hand use limitations would not affect performance for this job. (T. at 123-24). Additionally, Ms. Andrews testified that this work provided a sit/stand option which would maximize Plaintiff's comfort. (T. at 124-25). I find that Ms. Andrews accurately assessed that Plaintiff could perform work as a surveillance system worker and that there were significant jobs involving such work in the Western New Region as well as on a national level. Additionally, I find that Ms. Andrews adequately analyzed both the outlooks to determine the number of jobs available in the national economy.

### B. **The ALJ properly evaluated Plaintiff's subjective complaints.**

The Social Security Regulations provide that a Plaintiff's subjective complaints about his pain, or other symptoms, without more, cannot be the basis for finding a disability. 20 C.F.R. § 404.1529(a)(requiring a medically determinable impairment as the

cause of disability). I find that the ALJ rejected Plaintiff's allegations not only because they lacked objective findings but because they were not fully credible. The ALJ concluded that the "[Plaintiff's] testimony regarding his back and pain [was] inconsistent with his level of medication, treatment, objective medical findings, and a clinical exam." (T. at 40).

The ALJ found Plaintiff's ability to perform daily activities were inconsistent with his allegations of total disability. Despite Plaintiff's alleged level of pain and inability to sit or stand greater than 15 to 20 minutes, Plaintiff is able to drive up to 30 minutes despite back discomfort. (See T. at 60). Additionally, Plaintiff also did laundry, attended AA meetings with his girlfriend and read for enjoyment. (T. at 40). Moreover, Plaintiff cared for his disabled mother and was independent in his personal needs and functions despite his back pain and hand contractures. (T. at 40).

The ALJ properly relied on Dr. Young J. Yu's finding that Plaintiff was only precluded from physical labor. (T. at 346). Dr. Yu, Plaintiff's treating physician, noted that there were no significant interval changes between November, 1998, and January, 2000. (T. at 520). On January 18, 2000, Dr. Yu found that Plaintiff to be coping with his current level of discomfort, but the Plaintiff was precluded from physical labor and had a ten-pound weight limit for his left hand. (T. at 520-23). Additionally, the

ALJ noted that "[Plaintiff] used a cane for fear the left leg will give out and used a back brace for a few years." (T. at 40). However, the record does not show that Plaintiff was receiving any physical therapy or any treatment other than being observed periodically. Plaintiff also declined any additional surgery to the left hand even though there was an improvement in his ability to use his right hand which had undergone surgery.

The record also supports the ALJ's finding that Plaintiff's follow-up doctor visits were solely for the purpose of disability evaluation, because Plaintiff had declined to undergo additional surgery. I find that the ALJ properly noted Plaintiff's subjective complaints however they were rejected because they were inconsistent with the medical findings and were not fully credible.

### C. **This case need not to be remanded based on new evidence**

Plaintiff presented as new evidence an MRI performed on January 31, 2006, arguing that it should be received in the record because, it was not available at the time of the hearing or at the Appeals Council review and is probative of Plaintiff's condition during the relevant time and supported Plaintiff's subjective complaints. (Pl. Br. at 18). The MRI revealed that at L4-5 there is abnormal left disc annulus indenting the anterior thecal sac at caudal to the neutral foraminal exit nerve root. Additionally, L5-S1 demonstrates minor annual bulging. (Pl. Br. at 18). Dr. Yu examined Plaintiff's MRI on February 8, 2006, and found that

Plaintiff had a significant left sided paracentral and foraminal disc herniation at L4-5 and a very significantly compromised lateral recess and intervertible forman. (Pl. Br. at 18). However, Dr. Yu found that Plaintiff did not need surgical treatment at this time and recommended that conservative treatment should be continued. (See Exhibit G, Dr. Yu's letter dated February 8, 2006).

The Social Security Regulations provide that a Court may order the Commissioner to consider additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Moreover, the Second Circuit has defined "material evidence" as requiring reasonable probability that the new evidence would have influenced the ALJ to decide the Plaintiff's application differently. Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir. 1991).

I find that the outcome of this case would not be different had Plaintiff's 2006 MRI been part of the record below. The ALJ correctly analyzed all of the medical evidence in the record in holding the Plaintiff was not disabled within the meaning of the Social Security Act.

**CONCLUSION**

For the reasons set forth above, I grant Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          July 23, 2007